Allen L. FEINGOLD; Phillip Goddard

v.

## STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

### Allen L. Feingold, Appellant.

### No. 12–2664.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) March 22, 2013.

Opinion Filed: April 23, 2013.

Allen L. Feingold, Philadelphia, PA, pro se.

Katherine C. Douglas, Esq., Bennett, Bricklin & Saltzburg, Philadelphia, PA, for State Farm Mutual Automobile Insurance Company.

Before: FUENTES, CHAGARES and BARRY, Circuit Judges.

88

## OPINION

BARRY, Circuit Judge.

Allen L. Feingold[1] appeals *pro se* the dismissal of his claims against State Farm Mutual Automobile Insurance Company. We will affirm.

### I.

On August 6, 1998, Phillip Goddard was injured in a car accident caused by an uninsured or underinsured driver. Sometime thereafter, Goddard retained Feingold, then a licensed attorney, to assist him in pursuing a claim under the uninsured motor vehicle provision of his State Farm policy. Feingold moved to compel arbitration after State Farm refused to pay benefits or appoint an arbitrator to adjudicate Goddard's claim. Eventually, a neutral arbitrator from Delaware was selected. State Farm then demanded that Goddard undergo a physical examination, but never arranged for the examination. In December 2010, Goddard, represented by new counsel, attempted to schedule an arbitration hearing. State Farm refused to proceed with arbitration, asserting that Goddard's claim was now time-barred.

On October 7, 2011, Feingold and Goddard brought claims against State Farm for breach of contract and bad faith in violation of 42 Pa. Cons.Stat. § 8371. On November 29, 2011, State Farm moved for dismissal for improper venue under Rule 12(b)(3) and for failure to state a sufficient claim under Rule 12(b)(6). On April 3, 2012, the District Court granted State Farm's motion with respect to Feingold and ordered Feingold to cease participation in the case. After the Court denied reconsideration, Feingold moved for Rule 54(b) certification. The Court certi-

fied its judgment as final under Rule 54(b) on May 9, 2012. This appeal followed.

### II.

The District Court concluded that, as a threshold jurisdictional matter, Feingold had not alleged an Article III injury, and, therefore, lacked standing to pursue his claims against State Farm. We agree, and after review of the briefs and appendices submitted by the parties, we find no basis for disturbing the exceedingly thorough and well-reasoned April 3, 2012 opinion of the District Court. We thus affirm the order of the District Court substantially for the reasons set forth in its opinion.

---

1. This is not the first time Feingold, a disbarred attorney, has appeared before us on a frivolous appeal from the dismissal of a meritless claim.